UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARITH S. CHAN,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, NATHALIE ASHER, Field Office Director, NORTHWEST DETENTION CENTER,

Respondents.

Case No. C12-847-RAJ-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a native of Cambodia who is being detained by the United States Immigration and Customs Enforcement ("ICE") pursuant to a final order of removal entered on May 19, 1998. On May 16, 2012, petitioner, proceeding pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an emergency stay of removal. Dkt. No. 1. Petitioner asserts that he has filed a motion to reopen his removal proceedings with the Board of Immigration Appeals ("BIA") on the basis that he is a United States citizen, which remains pending. *Id*. at 1. Petitioner asks "this court grant him a temporary stay of removal until the Board of Immigration Appeals makes a decision on his claim to be a USC." *Id*.

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that this matter be dismissed with prejudice.

## II. DISCUSSION

The REAL ID Act provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Act. 8 U.S.C. § 1252(a)(5); *see also* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter"). The law specifically divests district courts of jurisdiction arising from the removal orders of aliens. *See id.* Judicial review of an administratively final order of removal is only available before the court of appeals having jurisdiction over the district where petitioner's immigration judge holds seat. *See* 8 U.S.C. § 1252(a)(5).

Section 1252(b)(9) further provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). The Court finds that it lacks jurisdiction over petitioner's request under the REAL ID Act because the request to halt the execution of the final orders of removal "arise[s] from" an "action" or a "proceeding" brought in connection with petitioners' removal, or from "the decision or action [to] execute removal orders against" them. 8 U.S.C. §§ 1252(b)(9), 1252(g).

"A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act." *Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-485 adjustment of status petition)); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation prior to the resolution of his claims pending before an immigration judge). Absent statutory or legal authority that creates an exception to the REAL ID Act, this Court lacks subject matter jurisdiction over petitioner's request for stay of removal during the pendency of his motion to reopen before the BIA. Under these circumstances, the BIA and the Ninth Circuit are the proper forums for such claims and, thus for any injunctive relief associated with such claims. *See* 8 C.F.R. §§ 241.6, 1003.6(b); *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009).

### III. CONCLUSION

For the foregoing reasons, the Court recommends that this matter be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 16th day of May, 2012.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge