UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARITH S. CHAN,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　　　　Respondents. | Case No.  C12-847-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Sarith S. Chan, a detainee at the Northwest Detention Center in Tacoma, Washington, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a stay of removal.  (Dkt. No. 1.)  This Court denied the requested relief and referred the matter for further proceedings.  (Dkt. No. 5.)  Shortly after the habeas petition was filed, petitioner was removed from the United States to Malaysia, pursuant to an administratively final order of removal.  (Dkt. No. 12, Ex. A.)  Because the requested relief is no longer available, the Court recommends that petitioner's habeas petition (Dkt. No. 1) be DENIED, respondent's motion to dismiss (Dkt. No. 12) be GRANTED, and this case be DISMISSED as moot.

REPORT AND RECOMMENDATION - 1

## II.  DISCUSSION

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).  At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.  "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, the relief sought in the habeas petition – a stay of removal – is no longer available and there are no potential collateral consequences that may be redressed.  *See Abdala*, 488 F.3d at 1064 (noting that a request for stay of deportation is rendered moot by deportation).  The petition for writ of habeas corpus has therefore become moot and should be dismissed.

## III.  CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this case be DISMISSED with prejudice as moot.  A proposed Order accompanies this Report and Recommendation.

DATED this 7th day of August, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2